Filed 4/14/23  P. v. Banuelos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079842 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF004767) |
| JONATHAN BANUELOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed; remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Erica A. Swenson and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

The People charged Jonathan Banuelos with inflicting corporal injury on a girlfriend (Pen. Code,[1] § 273.5, subd. (a); count 1), false imprisonment by violence (§ 236; count 2), and misdemeanor interference with a wireless communication device (§ 591.5; count 3). He pleaded no contest to infliction of corporal injury on a girlfriend and, in exchange, the People dismissed the remaining charges.

The court suspended imposition of sentence and placed Banuelos on three years of formal probation on several terms and conditions, including that he be subject to warrantless searches, and that he "[n]ot own, possess, or purchase any firearms, ammunition and/or any other dangerous weapons." It also ordered him to pay various fees and fines, including that he reimburse presentence investigation and probation supervision costs under section 1203.1b, subdivision (e).

Banuelos contends: (1) the warrantless search condition must be stricken as invalid; and (2) under Assembly Bill No. 1869, the court's order that he reimburse costs under section 1203.1b, subdivision (e) must be vacated. The People correctly concede the second argument has merit; accordingly, we will affirm the judgment, but remand with instructions set forth below.

---

[1]     Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In June 2021, Banuelos and his girlfriend got into an argument over a video that someone sent to Banuelos's cell phone. When Banuelos became upset, his girlfriend asked him to take her home. Banuelos then pushed her in the chest, causing her to fall into a chair and hurt her toe. Banuelos was going to drive her home, but she refused to get in his truck. Banuelos followed her in his truck, and she threw a rock at his vehicle. Banuelos exited the truck, dragged her by the neck, squeezing it, and slapped her face three to four times while trying to put her in his truck. Eventually, she managed to get out of the vehicle and started running; however, Banuelos caught up to her, grabbed her by the hair, said he was taking her back to his house instead, and pushed her back into the vehicle. When she refused to sit in the passenger seat, Banuelos again pulled her hair, pushed her face into the seat and hit her three or four times in the thigh. Banuelos drove away while she continued to tell him that she wanted to go home. He then took her cell phone to prevent her from calling the police. He later threw the phone at her, and drove her home. When she got home she called police. A police officer arrived at her house and observed that she "appeared to have watery eyes, and a scratch on the right side of her cheek." She told the officer that when Banuelos grabbed her by the neck, she felt like she needed air. Banuelos was 20 years old at the time of the incident.

The probation officer, evaluating the possible circumstances in aggravation under California Rules of court, rule 4.421 (a)(1), stated: "The

---

[2]    At the change of plea hearing, the court accepted the parties' stipulation that the factual basis for Banuelos's plea was contained in the Imperial County Sheriff's Office report. We rely on that report for our statement of facts.

crime involved great violence/great bodily harm/threat of great bodily harm/other acts disclosing a high degree of cruelty, viciousness, or callousness." The reporting officer added: "It is always in the best interest of the community that this sentence aid not only in the rehabilitation of the defendant, but also in the prevention of any further criminal activity. It is imperative that the defendant learns to manage his anger, control his behavior and understand the severity of his offense." The probation officer recommended Banuelos take a 52-week anger management course, and that the court impose the standard warrantless search probation condition limited to Banuelos's person and property, as well as a condition that Banuelos not own or possess any firearms, ammunition, or dangerous weapons.

At the sentencing hearing, defense counsel objected to the search condition, arguing that no basis existed for it as Banuelos did not have or use any weapon during the offense.

The prosecutor argued the domestic violence condition carried a no-weapons clause; therefore, the warrantless search condition was necessary to ensure compliance with a no-weapons condition.

The court sentenced Banuelos based on the probation officer's report. and ruled "it would be very productive and necessary for the probation officer to be able to monitor the defendant's possession of weapons and, therefore, a Fourth [waiver is] appropriate."

## DISCUSSION

### I. *Warrantless Search Condition*

Banuelos contends the search condition requiring him to submit to warrantless searches of his person and property is not reasonably related to preventing future criminality under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).

4

Trial courts have broad discretion to impose reasonable conditions of probation that foster rehabilitation and protect the community. (§ 1203.1 subds. (a) and (i); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "[A] reviewing court will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable." (*People v. Bryant* (2021) 11 Cal.5th 976, 984.)

In order to invalidate a probation condition under *Lent*, the defendant must make three showings: 1) the condition has no relationship to the crime; 2) the condition is related to conduct that is not itself criminal; and 3) the condition is not reasonably related to his or her future criminality. (*Lent, supra,* 15 Cal.3d at p. 486.) In *Ricardo P.*, the California Supreme Court explained that the test of reasonableness involves a balancing of factors. "*Lent*'s third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Ricardo P., supra*, 7 Cal.5th at p. 1121.) Specifically, a probation condition cannot be justified solely on the basis that it enhances the effective supervision of the probationer without regard for the burden it places on the probationer. (*Id.* at pp. 1122, 1125.) Rather, the "requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality" between the burden imposed by the condition and the legitimate interests it serves. (*Id.* at p. 1122.)

It may be appropriate to impose a probation condition that, although not directly connected to the crime for which probation is granted, is related to the probationer's personal and criminal history. In *Ricardo P.*, the Supreme Court reasoned "that 'conditions of probation aimed at

5

rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) Indeed, the court noted that " 'courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense.' " (*Ibid.*) This court has stated, "probation conditions authorizing searches of a probationer's person, property, and vehicle are 'routinely imposed.' " (*In re I.V.* (2017) 11 Cal.App.5th 249, 261.)

A. *Analysis*

In imposing the warrantless search condition, the trial court made an individualized determination based on the facts of this case. The probation officer was sufficiently concerned about the seriousness of this crime and the rapidity with which Banuelos's attack on his girlfriend escalated, to recommend a year of anger management classes, the warrantless search condition, and condition that he "[n]ot own, possess, or purchase any firearms, ammunition and/or any other dangerous weapons." The warrantless search condition is reasonably related to Banuelos's future criminality as it ensures compliance with the uncontested prohibitions on his gun ownership. The burden on Banuelos is slight. " 'The level of intrusion is de minimis and the expectation of privacy greatly reduced when the subject of the search is on notice that his activities are being routinely and closely monitored. Moreover, the purpose of the search condition is to deter the commission of crimes and to protect the public, and the effectiveness of the deterrent is enhanced by the potential for random searches.' " (*People v. Ramos* (2004) 34 Cal.4th 494, 506.)

6

Banuelos is adequately protected in the enforcement of the search condition by the Fourth Amendment, which requires that warrantless searches carried out pursuant to involuntary search conditions not be arbitrary, capricious, or harassing. (*People v. Reyes* (1998) 19 Cal.4th 743, 752 [a search carried out pursuant to a parole or probation search condition "is reasonable within the meaning of the Fourth Amendment as long as it is not arbitrary, capricious or harassing"].) Further, "[w]arrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer." (*People v. Robles* (2000) 23 Cal.4th 789, 795.)

## II. *Imposition of Reimbursement Costs*

We accept the People's concession that the court erred by imposing the reimbursement order under section 1203.1b. The ameliorative changes of Assembly Bill No. 1869 apply retroactively to make any unpaid portion of the identified assessments, as they existed on June 30, 2021, unenforceable and uncollectible as of July 1, 2021. (Stats. 2020, ch. 92, §§ 11, 62.) The plain language of Government Code section 6111 and Penal Code section 1465.9, subdivision (a) mandates we vacate a portion of the judgment for the purpose of striking the now-unauthorized costs here, the unpaid balance of the probation supervision and criminal justice administration costs. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626.)

7

## DISPOSITION

The judgment is affirmed and the matter remanded to the superior court, which is directed to correct the December 29, 2021 minute order to reflect that Banuelos is not required to reimburse costs pursuant to section 1203.1b, subdivision (e).

O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.